UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:10-CR-36 |
| | ) | (VARLAN/GUYTON) |
| DAVID E. BOATWRIGHT, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 18]. In the motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 750 to the U.S. Sentencing Guidelines (the "Guidelines"). The United States has responded [Doc. 19], stating that the defendant is correct that Amendment 750, effective November 1, 2011, reduces the defendant's applicable Guidelines range. The government thus defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of § 3582(c)(2) and U.S.S.G. § 1B1.10.

**I.     Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th

Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, which designates the amendments to the Guidelines which may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S.Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding").

Section 1B1.10 provides, in relevant part, that:

(a) Authority. –

> (1) In General. -- In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

> . . . .
>
> (b) Determination of Reduction in Term of Imprisonment. –
>
>> (1) In General. -- In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>>
>> (2) Limitations and Prohibition on Extent of Reduction. –
>>
>>> (A) In General. -- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(a), (b) (revised Dec. 11, 2007). In addition to these limits, § 1B1.10 also states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (the "FSA"), directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the

3

Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332-41335 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine.

Because Amendment 750 may now be applied retroactively, *see* U.S.S.G. § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## II.   Analysis

The defendant was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) [Doc. 15]. At the time of sentencing, the defendant was held accountable for 193.1 grams of crack cocaine, 164.2 grams of cocaine hydrochloride, and 2.2 grams of marijuana, for a combined marijuana equivalent of 3,894.8422 kilograms of marijuana [Presentence Investigation Report (the "PSR"), ¶¶ 15, 19, 20]. In calculating the defendant's applicable Guidelines range according to the 2009 version of the Guidelines, given the amount of drugs the defendant was held accountable for, the probation officer determined that the defendant's base offense level was 32 [*Id.*, ¶ 20]. After

a two-level reduction safety-valve reduction, pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), and a three-level reduction for acceptance of responsibility, the defendant's total offense level was 27 [*Id.*, ¶¶ 21, 27, 28]. Based on a total offense level of 27 and a criminal history category of I, the defendant's applicable Guidelines range for his drug offense was 70 to 87 months' imprisonment [*Id.*, ¶¶ 44, 71]. On September 16, 2010, the Court sentenced the defendant to 70 months' imprisonment, followed by a five-year term of supervised release, a sentence at the bottom of the defendant's his applicable Guidelines range [Doc. 15]. According to the Bureau of Prisons (the "BOP"), the defendant is presently scheduled for release on June 6, 2015.

Both the defendant and the government agree that the defendant's initial Guidelines range was based on the Guidelines for cocaine base offenses that were in effect prior to November 1, 2011 and thus, the defendant's Guidelines range is affected by Amendment 750 [Doc. 18; Doc. 19].

Pursuant to Amendment 750, the drug quantities for which the defendant is being held accountable covert to 722.1 kilograms and result in a new base offense level of 30. After the relevant adjustments, the defendant's new total offense level is 25, with an amended advisory Guidelines range of 57 to 71 months' imprisonment. Because this Guidelines range is lower than the range previously applicable to the defendant, the Court agrees that the defendant is eligible for a sentence reduction under § 3582(c)(2). Accordingly, the Court may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement.

The Court has considered § 3582(c)(2), § 1B1.10, and the relevant § 3553 factors in determining whether and to what extent the defendant's sentence may be reduced. In regard to these factors, the Court has considered the nature and circumstances of the defendant's offense—a drug offense—and the defendant's history and characteristics—including the defendant's safety valve eligibility. As reflected in the Presentence Report, the defendant related that he started using marijuana as a teenager and used it every other day prior to his arrest. The defendant also related that he began using cocaine when he was 20 years old and used it approximately twice a week prior to his arrest. The defendant also had two positive screens for cocaine while he was on bond in this case. The defendant's offense also involved drugs, which the Court notes could raise a risk of violence.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. The Court has also considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). Finally, the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S.S.G § 1B1.10, cmt. n.1(B)(ii). Amendment 750 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to

6

Federal cocaine sentencing." *See* FSA. The Court previously considered the § 3553 factors at the defendant's initial sentencing and ultimately determined that a sentence at the low end of the applicable Guidelines range was appropriate. A similar revised sentence, given the amended Guidelines range, would be a sentence of 57 months' imprisonment.

Beyond referencing the § 3553(a) factors the Court considered at the defendant's initial sentencing, neither the defendant nor the government have presented the Court with any additional information or argument regarding whether the Court should grant a reduction in the defendant's sentence. Accordingly, after considering the § 1B1.10 and the relevant § 3553 factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of his offenses, the defendant's personal characteristics, his criminal history, and post-sentencing conduct. In regard to this post-sentencing conduct, records from the BOP indicate that while incarcerated, the defendant completed his GED while incarcerated and maintained a consistent work history with good evaluations. The defendant also has no history of disciplinary actions and has maintained clear conduct.

In light of the foregoing, the Court determines that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time. Thus, because the Court does not have any new information regarding the defendant's conduct that causes it to reach

a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence to a term of 57 months' imprisonment. This reduction in sentence shall take effect ten (10) days from the entry of this order to allow the BOP time to fully comply with its statutory obligations. While it does not appear that the defendant is eligible for immediate release, the BOP will credit the defendant with the appropriate time.

III. Conclusion

Accordingly, for the reasons given above, the defendant's Motion for Resentencing Pursuant to the November 1, 2011 Retroactive Amendment to the Sentencing Guidelines [Doc. 18] is **GRANTED** and the defendant's sentence is **REDUCED** to **57 months' imprisonment, such reduction to take effect ten (10) days from the entry of this order** to allow the BOP time to fully comply with statutory obligations. The Clerk of Court is **DIRECTED** to issue an amended judgment in accordance with this order. The amended judgment shall also include the following language: If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

IT IS SO ORDERED

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE